**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Allen Alper and Donna Hernandez, *on behalf of themselves and all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> Select Portfolio Servicing, Inc., <br><br> Defendant. | Civil Action No.: 1:19-cv-10436-DJC |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs Allen Alper and Donna Hernandez, by and through undersigned counsel, pleading on their own behalves and on behalf of all others similarly situated, state as follows:

**INTRODUCTION**

1.      This action arises out of Defendant Select Portfolio Servicing, Inc.'s ("SPS" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.      The Massachusetts Attorney General regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

3.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls

per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation does not limit 'communication[s],' but, rather, the <u>initiation</u> of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless <u>initiated</u> the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f).

4.      Notwithstanding the Attorney General's regulations, it is SPS's practice to call Massachusetts consumers more than two times within a seven-day period in an attempt to collect consumer debts.  SPS placed more than two collection calls within a seven-day period regarding a debt to Plaintiff Allen Alper ("Alper") and Plaintiff Donna Hernandez ("Hernandez," and together with Alper, "Plaintiffs"), violating the express provisions of § 7.04(1)(f).  Plaintiffs each seek to represent all consumers similarly situated.  Plaintiffs seek injunctive relief to end SPS's illegal practice, declaratory relief to make SPS's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

5.      Plaintiff Allen Alper is an adult individual residing in Haverhill, Essex County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

6.      Plaintiff Donna Hernandez is an adult individual residing in Needham, Norfolk County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.      Defendant, Select Portfolio Servicing, Inc., is a Utah business entity with a principal address of 3217 South Decker Lane Drive, Salt Lake City, Utah 84119, and is a "creditor" as defined by 940 CMR § 7.03.  Upon information and belief, SPS does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the

Commonwealth of Massachusetts.[1] *See* https://www.spservicing.com/StaticDetails/Aboutus

("Founded in 1989, SPS is headquartered in Salt Lake City, Utah with an office in Jacksonville,

Florida.") (last visited Mar. 27, 2019).

**ALLEGATIONS APPLICABLE TO ALPER**

**A.  Alper's Debt**

8.     Alper allegedly incurred a financial obligation in the form of a home mortgage

loan (the "Alper Debt").

9.     The Alper Debt arose from services which were primarily for family, personal or

household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.     SPS attempted to collect the Alper Debt from Alper and, as such, initiated and

engaged in "communications" with Alper as defined in 940 CMR § 7.03.

**B.  SPS Engages in Unfair Business Practices**

11.     In or around 2017, SPS began calling Alper's cellular telephone in an attempt to

collect the Alper Debt.

12.     SPS placed the collection calls to Alper's cellular telephone at number 978-XXX-

3678.

13.     At the time SPS was calling Alper's cellular telephone in an attempt to collect the

Alper Debt, the Alper Debt was alleged to be more than thirty (30) days past due.

14.     Throughout 2017 and the beginning of 2018, SPS called Alper's cellular

telephone in an attempt to collect the Alper Debt at an excessive and harassing rate.  On average,

---

[1] Accordingly, the requirement for a pre-suit letter under Chapter 93A is inapplicable here. *See* M.G.L. c. 93A § 9(3) ("The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, *or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth . . . .*") (emphasis supplied).

3

SPS placed eight (8) calls to Alper in a given seven-day period in an attempt to collect the Alper Debt.

### C.  Alper Suffered Actual Damages and Injury

15.    Alper suffered actual damages as a result of SPS's unlawful conduct.

16.    As a direct consequence of SPS's acts, practices and conduct, Alper suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.    SPS's repeated calls were distracting and an inconvenience to Alper, and an invasion of his personal privacy.

18.    SPS's repeated calls wasted Alper's time and energy spent tending to SPS's calls.

## ALLEGATIONS APPLICABLE TO HERNANDEZ

### D.  Hernandez's Debt

19.    Hernandez allegedly incurred a financial obligation in the form of a home mortgage loan (the "Hernandez Debt").

20.    The Hernandez Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

21.    SPS attempted to collect the Hernandez Debt from Hernandez and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### E.  SPS Engages in Unfair Business Practices

22.    Throughout 2015, SPS called Hernandez's residential telephone in an attempt to collect the Hernandez Debt.

23.    SPS placed the collection calls to Hernandez's residential telephone at number 508-XXX-8683.

4

24.    SPS called Hernandez from, *inter alia,* telephone numbers 904-722-7050 and 800-594-6000.

25.    At the time SPS was calling Hernandez's residential telephone, the Hernandez Debt was alleged to be more than thirty (30) days past due.

26.    SPS called Hernandez's residential telephone in an attempt to collect the Debt at an excessive and harassing rate, placing more than two calls to Hernandez's residential telephone within a seven-day period regarding the Hernandez Debt.

27.    For instance, SPS called Hernandez on March 27, 2015, March 28, 2015, March 30, 2015, March 31, 2015, April 1, 2015, April 2, 2015, April 3, 2015, April 4, 2015, April 6, 2015, twice on April 10, 2015, April 11, 2015, April 13, 2015, April 14, 2015, twice on April 15, 2015, twice on April 16, 2015, April 17, 2015, April 18, 2015, April 20, 2015, April 21, 2015, April 22, 2015, April 23, 2015, April 24, 2015, April 25, 2015, April 27, 2015 and April 28, 2015.

28.    Moreover, between March and April 2015, Hernandez spoke with SPS, advised it that SPS's calls to Hernandez's residential telephone were harassing, and asked SPS to cease calling her.  Despite Hernandez's request, SPS continued to call her incessantly in an attempt to collect the Hernandez Debt.

**F.  Hernandez Suffered Actual Damages and Injury**

29.    Hernandez suffered actual damages as a result of SPS's unlawful conduct.

30.    As a direct consequence of SPS's acts, practices and conduct, Hernandez suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

31.    SPS's repeated calls were distracting and an inconvenience to Hernandez, and an invasion of her personal privacy.

32.     SPS's repeated calls wasted Hernandez's time and energy spent tending to SPS's calls.

## CLASS ACTION ALLEGATIONS

### A.  The Class

33.     Plaintiffs bring this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

34.     Plaintiffs seek to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from SPS within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

### B.  Numerosity

35.     As its regular business practice, SPS hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

36.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

37.     Plaintiffs reasonably believe that there are thousands of Massachusetts consumers who are members of the Class.

### C.  Common Questions of Law and Fact

38.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

39.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

a.  Whether SPS violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

b.  Whether SPS willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D.  Typicality

40.    Plaintiffs' claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E.  Protecting the Interests of Class Members

41.    Plaintiffs will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

42.    All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

43.    Plaintiffs have retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

## F.  Proceeding Via Class Action is Superior and Advisable

44.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

46.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

47.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

48.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

<u>COUNT I</u>
<u>VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,</u>
<u>AND MDCR, 940 CMR § 7.04(1)(f)</u>

49.    Plaintiffs incorporate by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

50.    Defendant initiated communication via telephone to Plaintiff Alper's cellular telephone and Plaintiff Hernandez's residential telephone in excess of two times within a seven-day period regarding the Alper and Hernandez Debts respectively, in violation of 940 CMR § 7.04(1)(f).

51.    Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

52.    Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiffs are each entitled to double or treble damages plus reasonable attorney's fees and costs.

53.    Pursuant to M.G.L. c. 93A, § 9, Plaintiffs are entitled to and do seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

54.     Pursuant to M.G.L. c. 93A, § 9, Plaintiffs are entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiffs and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs ask that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant, as follows:

A)     An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone;

B)     Declaratory relief as prayed herein;

C)     Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

D)     Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

E)     Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

F)     Granting such other and further relief this Court deems just and appropriate.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 27, 2019                    PLAINTIFFS,
                                         ALLEN ALPER AND DONNA HERNANDEZ

                                         By Plaintiffs' attorneys,

LEMBERG LAW, LLC


    */s/ Sergei Lemberg*
Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 27, 2019 a copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                        By /s/ Sergei Lemberg_____
                                           Sergei Lemberg